UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACK KEITH COOK,<br><br>               Petitioner,<br><br>v.<br><br>BRENT REINKE, Director of the Idaho Department of Correction,<br><br>               Respondent. | Case No. 3:09-00358-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court previously denied Respondent's Motion for Summary Judgment in this habeas corpus matter without prejudice and appointed counsel to represent Petitioner. (Dkt. 30, p. 1.) Petitioner's counsel has now filed a Supplemental Brief, and Respondent has submitted a Reply. (Dkts. 31, 36.)

The parties have consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636(c). (Dkt. 10.) The Court finds that decisional process would not be aided by oral argument, and it will resolve this matter on the record after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d). For the reasons that follow, the Court concludes that Petitioner is not entitled to relief, and this case will be dismissed.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

In 2005, the State of Idaho charged Petitioner with one count of the "infamous crime against nature" under Idaho Code § 18-6605, based on an incident in which he performed oral sex on T.F., an adult male with Down Syndrome, in the sauna room at a local gym. (State's Lodging A-1, pp. 14-15.) Petitioner filed a motion to dismiss the charge, arguing that the statute unconstitutionally criminalized private and consensual sexual activity contrary to *Lawrence v. Texas*, 539 U.S. 558 (2003). (State's Lodging A-1, pp. 20-25.) The State responded that the sexual contact in this case was not consensual and that the act had occurred in a public place. (State's Lodging A-1, pp. 27-31.)

In denying Petitioner's motion to dismiss, the trial court concluded that he had not established a protected privacy interest:

> [I]f the State's interest is overridden by a privacy interest, then it would be the Court's job to find the statute unconstitutional as it's applied.
>
> And based on what I – at least factually what I'm aware of in this case, I don't think that there's any protected privacy interest involved in this particular case.

(State's Lodging A-2, p. 19.)

Petitioner later entered a conditional plea of guilty to the charge while reserving his right to appeal the denial of his motion to dismiss. (State's Lodging A-1, p. 73.) At the change of plea hearing, the prosecutor set out the evidence that the State would have presented if the case had gone to trial:

> [T.F.] would testify that on June 17th of 2005, he was at the World Gym, as is his custom; that he arrived there by valley transit; that he completed

**MEMORANDUM DECISION AND ORDER - 2**

> his workout and went into the sauna, the dry sauna. In the dry sauna was another individual that Mr. Cook [sic] had not seen at the gym before. He would testify that when he went into the sauna, he was nude, as was the other individual in the sauna; that the other individual came up to him and essentially began to perform oral sex on [T.F.]
>
> [T.F.] said that when it was over, that the other individual had also been masturbating himself and that white substance came out of the other individual's penis on Mr. Cook [sic]; that Mr. Cook [sic] left the sauna, took a shower and immediately left the gym when he called his brother-in-law, Andy Johnson, to find out what he should do.
>
> Mr. Johnson would testify that he did receive a telephone call from [T.F.] on that date; that [T.F.] was very upset; and that Mr. Johnson told [T.F.]to return home by valley transit, and he would meet him at home.
>
> * * *
>
> Detective Stuck would testify that he interviewed [Petitioner] and that during the course of that interview, that [Petitioner] admitted to the act that he is charged with today with performing oral sex on [T.F.] He also admitted that he realized that [T.F.] had Down Syndrome, but that he believed at the time that [T.F.] was consenting.

(State's Lodging A-2, pp. 80-81.) At that same hearing, Petitioner admitted that he "did the conduct under the charges," which he conceded meant that he had "oral to genital contact with another person." (State's Lodging A-2, p. 5.)

The trial court accepted the guilty plea and sentenced Petitioner to seven years in prison, with the first two years fixed, but the court suspended all but six months of the sentence and placed Petitioner on probation for seven years. (State's Lodging A-1, pp. 95-98.)

Petitioner appealed the constitutional issue to the Idaho Court of Appeals. (State's Lodging B-1.) After examining the record, the Court of Appeals concluded that Petitioner

**MEMORANDUM DECISION AND ORDER - 3**

had not established in the district court "that he was prosecuted for contact that occurred in private and with an adult who could and did consent." (*Id*. at 5.) Because these facts were not proven, the Court of Appeals determined that Petitioner had failed to carry his burden to show that his conduct was protected under the Due Process Clause. (*Id*.) Petitioner's conviction was affirmed, and the Idaho Supreme Court declined to review the case. (State Lodgings B-9, B-10.)

Petitioner next filed a Petition for Writ of Habeas Corpus in this Court, alleging that Idaho Code § 18-6605 is unconstitutional as applied to him, and further alleging that "the Idaho Court did not follow the rules of procedure by stating exactly what the charges were and attempted to add and did add elements to the charges throughout the judicial process."[1] (Dkt. 1, p. 12.)

Respondent filed an Answer to the Petition and a Motion for Summary Judgment. (Dkt. Nos. 24, 29.) Petitioner submitted his own dispositive motion. (Dkt. Nos. 11.) The Court thereafter denied both motions without prejudice, appointed counsel for Petitioner, and gave counsel leave to file a supplemental brief. (Dkt. 30, pp. 1-2.) Counsel has now done so, Respondent has filed a Reply, and the matter is at issue.

---

[1] Petitioner listed these as two separate claims in his Petition, but the Court interprets the Petition as raising one constitutional claim – a violation of due process because of an unconstitutional conviction – supported by different arguments. For that reason, and because Petitioner cannot show that he is entitled to relief in any event, the Court need not decide whether a separate "Second Claim" is procedurally defaulted, as Respondent argues.

**MEMORANDUM DECISION AND ORDER - 4**

# STANDARD OF LAW

The Petition in this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, the Court cannot grant habeas relief on any federal claim that the state court adjudicated on the merits unless the adjudication of the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) has two clauses, each with independent meaning. For a decision to be "contrary to" clearly established federal law, the petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

To satisfy the "unreasonable application" clause, the petitioner must show that the state court was "unreasonable in applying the governing legal principle to the facts of the case." *Williams*, 529 U.S. at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; the state

**MEMORANDUM DECISION AND ORDER - 5**

court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). The state court need not cite or even be aware of the controlling United States Supreme Court decision to be entitled to AEDPA deference. *Early v. Packer*, 537 U.S. 3, 8 (2002).

To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court's decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id*.

Under all circumstances, state court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

The infamous crime against nature, codified at Idaho Code § 18-6605, is a crime with historical roots that extend into Idaho's territorial days. *State v. Holden*, 890 P.2d 341, 344 (Idaho Ct. App. 1995) The statute does not expressly set out elements of the crime, but it has long been interpreted to prohibit fellatio. *See, e.g., State v. Izatt*, 534 P.2d 1107, 1109-10 (Idaho 1975). More recently, the Idaho Court of Appeals has limited the sweep of the statute, concluding that it does not reach private and consensual sexual conduct within a marriage. *Holden*, 890 P.2d at 347.

In addition, in *Lawrence v. Texas,* 539 U.S. 558 (2003), the United States Supreme Court struck down a Texas law that criminalized homosexual sodomy, finding that the defendants had a liberty interest protected by the Due Process Clause to engage in private

consensual homosexual activity. 539 U.S. at 578. The Idaho Supreme Court has since acknowledged that *Lawrence* "legalized the practice of homosexuality and in essence made it a protected practice under the Due Process clause of the United States Constitution." *McGriff v. McGriff*, 99 P.3d 111, 117 (2004). Consequently, a defendant's conviction in Idaho for the infamous crime against nature based solely on private and consensual homosexual activity would be unconstitutional.

Here, however, the Idaho Court of Appeals determined that Petitioner had not established that he "was prosecuted for contact that occurred in private and with an adult who could and did consent." (State's Lodging B-6, p.5.) The Court of Appeals instead found "ample support" in the record that the mentally disabled victim either did not or was unable to consent and that the sexual activity occurred in public. (*Id*. at 4.) Under its view of the record, then, the Idaho Court of Appeals' decision does not conflict with the constitutional principles announced in *Lawrence*, and it is not contrary to or an unreasonable application of that case or any other clearly established federal law. *See, e.g.*, *Anderson v. Morrow*, 371 F.3d 1027, 1033 (9th Cir. 2004) ("[t]he [*Lawrence*] holding does not affect a state's legitimate interest and indeed, duty, to interpose when consent is in doubt").

Petitioner's primary complaint appears to be with the scope of the Idaho Court of Appeals' review of the record and with its factual determinations based on that review. Specifically, he contends that the state court improperly looked beyond his admission at the change of plea hearing that he had "oral to genital contact with another person." He

asserts that he conceded only the basic elements of the statutory crime – homosexual sex – which can no longer support a criminal conviction under *Lawrence*.

The Court is not persuaded that this argument alters the analysis. In resolving the case as it did, the Idaho Court of Appeals found that Petitioner had a burden to demonstrate the unconstitutionality of the statute, and it reviewed the entire record to determine whether Petitioner had met his burden. It is well established that statutes are presumed to be constitutional and that the party challenging constitutionality bears the burden of proving otherwise. *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993). Moreover, because Petitioner made an "as applied" challenge to the statute, he was required to demonstrate that *his* specific conduct could not be criminalized rather than showing that some other constitutionally protected activities might hypothetically fall within the sweep of the statute. *See Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982) ("[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.").

Petitioner has also not established that the Idaho Court of Appeals' decision was based on unreasonable factual determinations in light of the evidence presented in state court. 28 U.S.C. § 2254(d)(2). Petitioner contends that the State did not offer sworn testimony to prove that T.F. either could not or did not consent or that the sexual activity occurred in public, but nothing limited the Idaho Court of Appeals to the plea colloquy or prohibited it from reviewing the entire record to assess whether the guilty plea was constitutionally valid. *Cf. United States v. Vonn*, 535 U.S. 55, 74 (2002) (holding that a

**MEMORANDUM DECISION AND ORDER - 8**

reviewing court is not limited to the plea colloquy to determine whether a defendant's substantial rights were violated when he entered his guilty plea). The record before the state court included, among other things, the prosecutor's detailed offer of proof at the change of plea hearing that set out a strong case of non-consensual sexual activity, and the record was more than sufficient to support the state court's findings. Petitioner's argument also relies on burden shifting; to the extent that the factual record was not more fully developed, it was because *he* did not offer evidence in the district court to establish that the charge was unconstitutional as applied and because he decided to plead guilty, short-circuiting evidentiary development at that point.

Finally, this Court previously requested the parties to address whether the rule from *Stromberg v. California*, 283 U.S. 359 (1931), as interpreted and refined by *Griffin v. United States*, 502 U.S. 46, 56 (1991), has any bearing on the issues in this case. (Dkt. 30, p. 2.) In *Stromberg*, the Supreme Court reversed a defendant's conviction that rested on a jury's general verdict of guilt on alternative theories, one of which was unconstitutional, because it was not possible to discern which theory – constitutional or unconstitutional – that the jury had relied on to find guilt. 283 U.S. at 367-68; *accord Williams v. North Carolina*, 317 U.S. 287, 63 (1942) ("[t]o say that a general verdict of guilty should be upheld though we cannot know that it did not rest on the invalid constitutional ground ... would be to countenance a procedure which would cause a serious impairment of constitutional rights.") Sixty years later, in *Griffin*, the Supreme Court clarified that the rule applied on to circumstances in which one of the alternatives

**MEMORANDUM DECISION AND ORDER - 9**

was legally insufficient rather than merely factually unsupported. 502 U.S. at 56.

Invoking these principles, Petitioner contends that his conviction cannot stand because his conviction could have been based on protected conduct. The Court agrees with Respondent, however, that the present case is distinguishable from the *Stromberg* line of cases because Petitioner pled guilty to the charge. A guilty plea involves an admission of guilt to the substantive criminal offense and a waiver of the right to try the facts before a jury. *See*, *e.g.*, *United States v. Broce*, 488 U.S. 563, 570 (1989). The Court is unaware of any case that extends the *Stromberg* rule to a situation in which the defendant has chosen to admit a criminal charge and waive his right to a trial, and Petitioner has cited none. In the absence of controlling case law supporting such an extension, the Idaho Court of Appeals' decision cannot be said to be unreasonable application of clearly established federal law.[2] *Carey v. Musladin*, 549 U.S. 70, 76 (2006).

For all of these reasons, Petitioner has not established that he is entitled to relief under 28 U.S.C. § 2254(d), and this case will be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

As required by Rule 11 of the Rules Governing Section 2254 Cases, the Court evaluates this case for suitability of a certificate of appealability ("COA"). *See also* 28

---

[2] Conversely, had Petitioner gone to trial and been convicted, and had the trial court not instructed the jury that a private consensual encounter would support an acquittal, the posture of this case would be much closer to *Stromberg* and its progeny. Indeed, the Idaho Court of Appeals appears to have applied such a rule in *State v. Holden*, 890 P.2d 341 (Idaho Ct. App. 1995), where it reversed a defendant's conviction for the infamous crime against nature, after a jury trial, because the conviction could have been based on a private consensual encounter within a marital relationship.

**MEMORANDUM DECISION AND ORDER - 10**

U.S.C. § 2253(c).

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Despite the Court's ruling in this case, the Court is satisfied that the issues are unique and significant enough that the petitioner should at least be given the opportunity to convince the Court of Appeals of their merit. The Court will therefore issue a certificate of appealability. Petitioner is advised that he must still file a timely notice of appeal in this Court if he intends to pursue an appeal.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Judgment (Dkt. 25) is GRANTED, and the Petition for Writ of Habeas Corpus is DENIED.

2. The Court issues a certificate of appealability over its decision that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d). Upon the filing of a timely notice of appeal in this case, and not until such time, the Clerk of Court shall forward the necessary paperwork to the Court

of Appeals for the Ninth Circuit for the docketing of an appeal in a civil case.



DATED: May 16, 2011

_____
Honorable Mikel H. Williams
United States Magistrate Judge